**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

─────────────

**No. 10-4441**

─────────────

UNITED STATES OF AMERICA,

              Plaintiff - Appellee,

       v.

LYNN BARNARD BALDWIN,

              Defendant - Appellant.

─────────────

Appeal from the United States District Court for the Middle District of North Carolina, at Greensboro.  N. Carlton Tilley, Jr., Senior District Judge.  (1:09-cr-00215-NCT-1)

─────────────

Submitted:  December 21, 2010        Decided:  January 3, 2011

─────────────

Before NIEMEYER and KEENAN, Circuit Judges, and HAMILTON, Senior Circuit Judge.

─────────────

Affirmed by unpublished per curiam opinion.

─────────────

Louis C. Allen III, Federal Public Defender, Gregory Davis, Winston-Salem, North Carolina, for Appellant.  John W. Stone, Jr., Acting United States Attorney, Michael F. Joseph, Assistant United States Attorney, Greensboro, North Carolina, for Appellee.

─────────────

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

A jury convicted Lynn Barnard Baldwin of possession of a firearm after being convicted of a felony, in violation of 18 U.S.C. § 922(g)(1) (2006). Baldwin appeals, arguing that the United States failed to present evidence sufficient to support his conviction. For the reasons that follow, we affirm.

Federal law has long provided that convictions supported by substantial evidence must stand. Glasser v. United States, 315 U.S. 60, 80 (1942). Evidence is substantial when, considered in the light most favorable to the government, "a reasonable finder of fact could accept [it] as adequate and sufficient to support a conclusion of a defendant's guilt beyond a reasonable doubt." United States v. Burgos, 94 F.3d 849, 862 (4th Cir. 1996) (en banc). In evaluating the sufficiency of the evidence, "we do not review the credibility of the witnesses and assume that the jury resolved all contradictions in the testimony in favor of the government." United States v. Foster, 507 F.3d 233, 245 (4th Cir. 2007).

Convictions for possession of firearms may be upheld based on constructive possession, and possession need not be exclusive. Burgos, 94 F.3d at 873. To establish constructive possession, there must be evidence "that the defendant intentionally exercised dominion and control over the firearm, or had the power and the intention to exercise dominion and

2

control over the firearm." United States v. Scott, 424 F.3d 431, 435-36 (4th Cir. 2005), or over the premises or vehicle where the contraband is concealed. United States v. Singleton, 441 F.3d 290, 296 (4th Cir. 2006). Either direct or circumstantial evidence may establish constructive possession. United States v. White, 405 F.3d 208, 214-15 (4th Cir. 2005).

Baldwin answered the door for police officers attempting to serve a warrant on his wife at her residence. After Baldwin gave officers permission to search the residence for his wife, the officers found marijuana and a pipe on the living room table. Baldwin then granted the officers permission to search the residence for illegal drugs as well. The ensuing search revealed ammunition in a dresser drawer. Baldwin informed police that a shotgun was wrapped in a green blanket underneath the bed. According to Baldwin, he and his wife had brought the shotgun along when they moved to their current residence ten months previously. Additionally, Baldwin's mother confirmed at trial that Baldwin sometimes resided at his wife's residence. Taking these facts in the light most favorable to the prosecution, we conclude that the evidence was sufficient.

Accordingly, we affirm the district court's judgment. We dispense with oral argument because the facts and legal

contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED